UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAPHNE L. VOLKMAR and
PETER T. VOLKMAR,

    *Plaintiffs*,

    v.

THOMAS LEACH et al.,

    *Defendants*.

No. 3:20cv1168 (MPS)

**RULING ON MOTION TO DISMISS**

Plaintiff Daphne L. Volkmar ("Volkmar") and her husband, Peter T. Volkmar, (collectively "Plaintiffs") brought this action against defendants Thomas Leach, a civil servant of the United Kingdom Ministry of Defense, and PV Holding Corporation, doing business as Avis Budget Group Inc. ("Avis"), asserting claims arising out of an automobile accident. The United States was substituted for Leach as a defendant because he was acting in the scope of his employment under the terms of the NATO Status of Force Agreement ("SOFA"). *See* SOFA, Art. VIII, para. 5 (requiring claims against members of armed forces or civil servants of member nations to be filed, considered, and adjudicated by forum nation in the same manner as claims against members of its own armed forces); 28 U.S.C. § 2679(d)(2)(United States shall be substituted as party defendant in action against U.S. Government employee as long as Attorney General certifies that the employee was acting within the scope of his employment at the time of incident out of which the claim arose). The United States now moves to dismiss counts 1 and 3 of the complaint for lack of subject matter jurisdiction. (ECF No. 10.) For the following reasons, the motion to dismiss is GRANTED.

**I.    BACKGROUND**

The complaint alleges that, in May 2018, Volkmar's vehicle was rear-ended by Leach,

1

who was driving a vehicle owned by Avis.  (ECF No. 1 at ¶¶ 1-3.)  In April 2020, Volkmar and her husband filed suit in Connecticut Superior Court alleging four counts of common-law tort claims.  As to Leach, count 1 alleges negligence (*Id*. at ¶¶ 4,5) and count 3, brought on behalf of Peter Volkmar, alleges loss of consortium. (*Id*. at ¶ 11). Counts 2 and 4 are directed at Avis.  After the United States was substituted for Leach as defendant, ECF No. 9, it filed this motion to dismiss.[1]

## II.     LEGAL STANDARD

"In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.,* 752 F.3d 239, 243 (2d Cir. 2014) (citations and quotation marks omitted).

## III.    DISCUSSION

The United States argues that counts 1 and 3 should be dismissed for lack of subject matter jurisdiction because the Plaintiffs do not plead that they administratively exhausted their common-law tort claims prior to commencing suit.

"The United States, as sovereign, is immune from suit unless it waives immunity and consents to be sued." *Cooke v. United States*, 918 F.3d 77, 81 (2d Cir. 2019). The Federal Tort Claims Act ("FTCA") provides for a waiver of sovereign immunity for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment (a status that, because of the SOFA, applies to Leach as a civil servant of the United

---

[1] In response to the motion to dismiss, the Court ordered Plaintiffs to either file a response to the motion or file an amended complaint in which they pled as many facts as possible, consistent with Rule 11, to address the alleged defects discussed in Defendant's memorandum of law.  ECF No. 11.  Notwithstanding this order, the Plaintiffs did not file anything in response to the motion to dismiss.

Kingdom Ministry of Defence). See 28 U.S.C. § 1346(b)(1); SOFA, Art. VIII, para. 5.  Under the FTCA,

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).  "A district court lacks subject matter jurisdiction if the plaintiff failed to exhaust his FTCA claims."  *Thompson v. United States*, 795 Fed. App'x 15, 20 (2d Cir. 2019), *cert. denied*, 140 S. Ct. 2675 (2020).

Here, the Plaintiffs do not allege any facts suggesting that they filed an administrative claim relating to the tort claims they brought against now-former defendant Thomas Leach.  It may well be the case that the Plaintiffs were unaware when they drafted their complaint that their claims against Leach would ultimately arise under the FTCA and be asserted against the United States by operation of law.  *See* SOFA, Art. VIII, para. 5; 28 U.S.C. § 2679(d)(2).  But the United States has since made them aware of this by filing, first, the motion to substitute the United States as a defendant, and second, the motion to dismiss.  And, as noted, the Court gave the Plaintiffs an opportunity to file an amended complaint to address the defects described in the motion to dismiss, but they declined to take that opportunity or otherwise to respond to the motion to dismiss.  The Court thus assumes they are unable to allege facts showing that they presented their claims to the appropriate administrative agency before bringing this lawsuit, and dismisses counts 1 and 3 against the United States without prejudice to the Plaintiffs filing an action asserting an FTCA claim against the United States after they have exhausted their administrative remedies.

## V. CONCLUSION

For the reasons set forth above, the motion to dismiss counts 1 and 3 for lack of subject matter jurisdiction (ECF No. 10) is GRANTED.

Within 14 days of this ruling, plaintiffs' counsel and counsel for Avis shall confer and file a joint status report indicating: (1) whether the plaintiffs wish to continue litigating this action in this Court in the absence of the United States as co-defendant and thus whether or not the action should be dismissed without prejudice against Avis until such time that plaintiffs are in a position to advance their claims against both Avis and the United States; (2) if the plaintiffs do wish to continue litigating this action against Avis in this Court, what the citizenship (not mere residence) of the plaintiffs is and whether the case satisfies the $75,000 amount in controversy requirement for purposes of diversity jurisdiction; and (3) if the plaintiffs do wish to continue litigating this action against Avis in this Court, which, if any, of the pending motions filed when the action was in state court this Court needs to decide, see ECF No. 2. At the same time, they file the joint status report described above, counsel shall also file a Rule 26(f) Report.

IT IS SO ORDERED.

                                                                                                      /s/
                                          Michael P. Shea, U.S.D.J.

Dated:    Hartford, Connecticut
          November 23, 2020